**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (*if known*) **23-** _____   Chapter **11**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Near Intelligence LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | **Paas Merger Sub 2 LLC; Near Intelligence Holdings Inc.** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **85-3187857** |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** |

**100 W Walnut St., Suite A-4 Pasadena, CA 91124**
Number, Street, City, State & ZIP Code

**Los Angeles**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.near.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Near Intelligence LLC
Name

Case number (*if known*)    23-

**7.** Describe debtor's business

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5415

**8.** Under which chapter of the Bankruptcy Code is the debtor filing?

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** Were prior bankruptcy cases filed by or against the debtor within the last 8 years?

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | _____ | _____ | _____ |

**10.** Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?

List all cases. If more than 1, attach a separate list

☐ No

☒ Yes.

| | Debtor | **See Attachment A** | Relationship | **Affiliate** |
|---|---|---|---|---|
| | District | **Delaware** | When **12/08/2023** | Case number, if known **23 -** |

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 2

Near Intelligence LLC
_____
Name

Case number (*if known*)    23-_____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

Contact name _____

Phone _____

---

**███ Statistical and administrative information**

**13. Debtor's estimation of available funds**    .

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

*Information provided on a consolidated basis, and based on the Debtors Books and Records as of the date hereof

---

| Near Intelligence LLC | Case number (*if known*) |
|---|---|
| Name | 23- |

| | Request for Relief, Declaration, and Signatures |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **12/08/2023**
                          MM / DD / YYYY

X     **/s/ John Faieta**                                                         **John Faieta**
        Signature of authorized representative of debtor        Printed name

Title     **Chief Financial Officer**

**18. Signature of attorney**

X     **/s/ Edmon L. Morton**                                         Date **12/08/2023**
        Signature of attorney for debtor                                  MM / DD / YYYY

**Edmon L. Morton**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 N. King Street Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-6600**      Email address   **emorton@ycst.com**

**3856  Delaware**
Bar number and State

## <u>ATTACHMENT A TO VOLUNTARY PETITION</u>

**1. Pending Bankruptcy Cases Filed by Affiliates of the Debtor**

Concurrently herewith, each of the affiliated entities listed below, including the Debtor filing this petition (collectively, the "**<u>Debtors</u>**"), filed a petition in the Court for relief under chapter 11 of title 11 of the United States Code.

| |
|---|
| Near Intelligence, Inc. |
| Near Intelligence LLC |
| Near North America, Inc. |
| Near Intelligence Pte. Ltd. |

Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for procedural purposes only.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE LLC, | Case No. 23-_____ (___) |
| Debtor. | (Joint Administration Requested) |

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING THE 30 LARGEST UNSECURED CLAIMS**

Set forth below is the list of creditors that hold, based upon information presently available and belief, the thirty largest unsecured claims (the "Top 30 List") against Near Intelligence LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"). This list has been prepared based upon the books and records of the Debtors. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" as set forth in 11 U.S.C. § 101(31); or (2) secured creditors, including those creditors with a right to setoff under applicable law, unless the value of the collateral (or amount entitled to be offset) is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation: (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff; or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

[List appears on next page]

**Fill in this information to identify the case:**

Debtor name   Near Intelligence, Inc., et. al.

United States Bankruptcy Court for the:  _____  District of  Delaware
                                                                                (State)

Case number (If known):  23 - _____

☐ Check if this is an
   amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.[1]

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | YA II PN, Ltd c/o Yorkville Advisors Global, LLC<br>1012, Springfield Avenue, Mountainside, New Jersey, USA, 07092 | Attn: Mark Angelo<br>Phone: +1 201-985-8300<br>Email: legal@yorkvilleadvisors.com | Unsecured Convertible Debentures | | | | $6,687,994 |
| 2 | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022 | Attn: Tamar Donikyan<br>Phone: +1 212-909-3421<br>Email: tamar.donikyan@kirkland.com | Professional Services | | | | $4,987,245 |
| 3 | KludeIn Prime, LLC<br>1096, Keeler Avenue, Berkeley, California, USA, 94708 | Attn: President /General Counsel<br>Email: info@inkludelabs.com | Unsecured Convertible Debentures, Unsecured Promissory Notes | | | | $6,479,558 |
| 4 | Amazon Web Services, Inc.<br>40 Terry Avenue North<br>Seattle, WA 98124 | Attn: Jon Jones<br>Phone: +1 656-722-0300<br>Email: jonjones@amazon.com | Trade Debt | | | | $2,590,656 |
| 5 | Polar Multi Strategy Master Fund<br>Polar Asset Management Partners Inc.<br>16 York Street, Suite 2900, Toronto, ON M5J 0E6, Canada | Attn: Jillian Bruce<br>Phone: +1 416-369-8656<br>Email: jbruce@polaramp.com | Unsecured Convertible Debentures | | | | $2,331,794 |
| 6 | Cantor Fitzgerald & Co.<br>110 East 59th Street<br>New York, NY 10022 | Attn: Sage Kelly<br>Phone: +1 212-938-5000<br>Email: sage.kelly@cantor.com | Professional Services | | | | $2,000,000 |

---

[1]   This list has been prepared based upon the books and records of the Debtors. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure.

| | | | | | | |
|---|---|---|---|---|---|---|
| 7 | Greater Pacific Capital Management Ltd, GPC NIV LTD. PO Box 309, Ugland House, Grand Cayman, KY1-1104, George town, Cayman Islands | Attn: Vumindaba Dube Phone: +1 345-749-2433 Email: vdube@waystone.com | Unsecured Convertible Debentures | | | $2,000,117 |
| 8 | EGS Inc. 333 W. Hampden Ave. Suite 530 Englewood, CO 80110 | Attn: President/General Counsel Phone: +1 303-477-6800 | Professional Fees | | | $1,288,482 |
| 9 | Haynes and Boone, LLP 2801 N. Harwood Street, Ste. 2300, Dallas, TX 75201 | Attn: Rosebud Nau Phone: +1 214-651-5367 Email: rosebud.nau@haynesboone.com | Professional Services | | | $1,209,728 |
| 10 | Akama Holdings Fz-LLC P.O. 14303, 11424, Riyadh, Saudi Arabia | Attn: Alexandre Hawari Email: alexandre@akamaholding.com | Unsecured Convertible Debentures | | | $1,000,052 |
| 11 | Sequoia Capital India III Ltd 5th Floor, Ebene Esplanade, 24 Cyber City, Ebene, Quatre Bornes, Mauritius | Attn: Suzanne Gujadhur Krishnacoomari Bundhoo Email: sequoiagroup@internationalproximity.com | Unsecured Convertible Debentures | | | $750,044 |
| 12 | Titan Columbus Ventures 2559 Harvard Lane, Seaford, New York, USA, 11783 | Attn: John Cronin Email: johnmcronin23@gmail.com | Unsecured Convertible Debentures | | | $750,035 |
| 13 | Telstra Ventures Fund II, L.P North Suite 2, Town Mills, Rue Du Pre, St Peter Port, Guernsey, GY1 1LT | Attn: Tom Chamberlain Email: geoff@telstraventures.com and/or telstra@langhamhall.com | Unsecured Convertible Debentures | | | $650,038 |
| 14 | Contact Discovery Services 1100 13th Street. NW Suite 925, Washington, DC 20005 | Attn: Joshua F. Blanthorn Phone: +1 631-605-6169 Email: jblanthorn@contactdiscoveryservices.com | Trade Debt | | | $338,409 |
| 15 | North Land Capital Markets 150 South 5th Street, Ste. 3300 Minneapolis, MN 55402 | Attn: Jeff Peterson Phone: +1 612-991-5993 Email: jpeterson@northlandcapitalmarkets.com | Professional Services | | | $325,000 |
| 16 | Smaato, Inc. 240 Stockton Street, 9th Floor San Francisco, CA 94108 | Attn: President/General Counsel Phone: +1 650-286-1198 Email: accounting@smaato.com | Trade Debt | | | $318,189 |
| 17 | Palisades Media Group, Inc. 1601 Cloverfield Blvd., Ste. 6000n Santa Monica, CA 90404 | Attn: Roger Schaffner, CEO Phone: +1 310-564-5400 Email: contact@palisadesmedia.com | Trade Debt | | | $312,010 |
| 18 | ICR LLC 761 Main Avenue Norwalk, CT 06851 | Attn: John Sorensen Phone: +1 203-682-8200 Email: legal@icrinc.com | Trade Debt | | | $289,000 |
| 19 | The Benchmark Company, LLC 150 East 58th Street New York, NY 10155 | Attn: Joseph J. Kronk Phone: +1 212-312-6767 Email: jkronk@benchmarkcompany.com | Trade Debt | | | $275,000 |
| 20 | Verve Group Europe GmbH Karl-Liebknecht-Str 32 Berlin, Germany 10178 | Attn: Daniela Silvasantos Phone: +49 52933245 Email: daniela.silvasantos@verve.com | Trade Debt | | | $265,499 |
| 21 | The Ebinger Family Trust 481 W Maple Way, Woodside, CA, United States | Attn: Jonathan Ebinger Email: ebinger.jr@gmail.com | Unsecured Convertible Debentures | | | $250,015 |

| | | | | | |
|---|---|---|---|---|---|
| 22 | Magnite, Inc.<br>6080 Center Drive, Suite 400/4th Floor<br>Los Angeles, CA 90045 | Attn: Tony Nguyen<br>Phone: +1 310-207-0272<br>Email: tnguyen@magnite.com | Trade Debt | | | $212,504 |
| 23 | Venable LLP<br>151 W. 42nd Street, 49th Floor, New<br>York, NY 10036 | Attn: William N. Haddad<br>Phone: +1 917-287-1580<br>Email: wnhaddad@venable.com | Professional<br>Services | | | $192,265 |
| 24 | Interxion Ireland DAC Limited<br>Unit 24, Hume Avenue Park West<br>Business Park Dublin, 12 Ireland | Attn: Niamh O'Hara<br>Phone: +353 1434-4900<br>Email: arinvoicesirl@interxion.com | Trade Debt | | | $186,234 |
| 25 | HERE Europe B.V.<br>Kennedyplein 222-226, 5611 ZT<br>Eindhoven, Netherlands | Attn: R.A.J. Houben<br>Phone: +31 40-744-1242 | Trade Debt | | | $175,064 |
| 26 | Taylor Wessing LLP<br>5 New Street Square<br>London, Great Britain 94005 | Attn: Ross McNaughton<br>Phone: +44 20-7300-7000<br>Email: R.McNaughton@taylorwessing.com | Professional<br>Services | | | $162,932 |
| 27 | Gopal Srinivasan<br>14 Boat Club Road, Raja<br>Annamalaipuram, Chennai, Tamil Nadu,<br>India, 600028 | Attn: Gopal Srinivasan<br>Email: investments@gopal.com | Unsecured<br>Convertible<br>Debentures | | | $150,007 |
| 28 | UHY LLP<br>1185 Avenue of Americas, 38th Floor<br>Cleveland, OH 44192 | Attn: Mehmet Sengulen<br>Phone: +1 518-449-3166<br>Email: msengulen@uhy-us.com | Professional<br>Services | | | $148,644 |
| 29 | Talent Hunt USA<br>304 S. Jones Boulevard Suite 8851<br>Las Vegas, NV 89107 | Attn: Paul Huffman<br>Phone: +1 905-518-4048<br>Email: paul@talenthunt.ca | Trade Debt | | | $143,788 |
| 30 | EdgarAgents, LLC<br>207 West 25th Street, 9th Floor,<br>New York, NY 10001 | Attn: John Bonerbo<br>Phone: +1 917-453-2921<br>Email: john.bonerbo@edgaragents.com | Trade Debt | | | $126,329 |

**OMNIBUS WRITTEN CONSENT OF**
**THE APPROVING PARTY**
**OF**
**EACH COMPANY LISTED BELOW**

December 8, 2023

The undersigned, being (a) each, or a majority, of the members of the board of directors, or (b) the sole member, as applicable (in each case, an "Approving Party") of

(i)      Near Intelligence LLC;
(ii)     Near North America, Inc.; and
(iii)    Near Intelligence Pte. Ltd.

(each such entity, a "Company" and collectively, the "Companies") do hereby consent to, adopt and approve, ratify and confirm by unanimous written consent, in each case pursuant to and in accordance with (a) the provisions of such Company's (i) articles of incorporation or certificate of formation, as applicable, (ii) bylaws, limited liability company agreement, or constitution, as applicable, and (iii) other organizational documents, as applicable, and (b) the Limited Liability Company Act of the State of Delaware, the General Corporation Law of the State of Delaware, and any other applicable law, the following resolutions and authorize the taking of all actions contemplated hereby:

**WHEREAS**, the Approving Party of each Company has reviewed and considered the financial and operational condition of each Company and each Company's business on the date hereof, including the historical performance of each Company, the assets of each Company, the current and long-term liabilities of each Company, the market for each Company's assets, credit market conditions, and macroeconomic conditions impacting each Company;

**WHEREAS**, as a result of the financial condition of the Companies, the Companies engaged counsel and financial advisors to provide advice to the Approving Party of each Company regarding its obligations to its creditors, equity holders, employees and other interested parties;

**WHEREAS**, the Approving Party of each Company has had the opportunity to consult with senior management of the Companies and the Companies' legal, financial, and other advisors and fully consider the strategic alternatives available to the Companies;

**WHEREAS**, the Approving Party of each Company has received, reviewed, and considered the recommendations of the senior management of each Company and each Company's legal and financial advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") has determined that, in its judgment, it is advisable and in the best interests of the applicable Company, its creditors, equity holders, employees and other interested parties that such Company voluntarily files petitions (the "Petitions" and, such cases, the "Bankruptcy Cases") for relief under the Bankruptcy Code; and

**WHEREAS**, in support of the Bankruptcy Cases, the Companies intend to enter into (i) that certain Superpriority Secured Debtor-in-Possession Financing Agreement (as the same may be amended, restated, supplemented or otherwise modified from time to time in accordance with the terms thereof, together with the schedules and exhibits attached thereto, and all agreements, documents, instruments and amendments executed and delivered in connection therewith, the "DIP Documents"), by and among the applicable Company, as borrower, the guarantors from time to time party thereto, the lenders from time to time party thereto and Blue Torch Finance, LLC, as administrative agent and collateral agent (the "DIP Agent") on the terms and subject to the conditions expressly set forth hereto, and (ii) that certain Asset Purchase Agreement (the "Stalking Horse Agreement" and, together with the DIP Documents, the "Transaction Documents"), by and among the Company, and BTC Near HoldCo LLC and any of its permitted assignees, and the other parties thereto.

**NOW, THEREFORE, BE IT:**

**Commencement and Prosecution of each Bankruptcy Cases**

**RESOLVED**, that, in the judgment of the Approving Party of each Company, it is desirable and in the best interests of each Company, its creditors, stockholders, employees, and other interested parties that the Petitions be filed by each Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") commencing the Bankruptcy Cases under the Bankruptcy Code; and it is further

**RESOLVED**, that the filing of each Petition on behalf of each Company be, and the same hereby is, approved, authorized, and adopted in all respects and each Company's chief executive officer, chief financial officer, and general counsel (each of the foregoing, individually, an "Authorized Officer" and together, the "Authorized Officers"), be and they hereby are, authorized and empowered on behalf of each Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time and in such form as any of the Authorized Officers may determine (which approval and authorization thereof shall be conclusively evidenced by the filing of each Petition with the Bankruptcy Court); and it is further

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized to (a) execute and file each Petition for each Company, along with all schedules of assets and liabilities, statements of financial affairs, lists, motions, applications, pleadings, declarations and other papers that any of the Authorized Officers may determine necessary or proper in connection with such Bankruptcy Case, (b) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with each Petition and to administer each Bankruptcy Case in such form or forms as any of the Authorized Officers may determine necessary or proper and in order to effectuate the foregoing resolutions, and (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts, as any of the Authorized Officers determine necessary or proper to accomplish the purposes of the resolutions, with any such determinations being conclusively evidenced by the executing, filing, acknowledging, delivering, verifying, or engaging thereof by any such Authorized Officer); and it is further

**Retention of Professionals**

      **RESOLVED**, that the law firm of Willkie Farr & Gallagher LLP ("Willkie"), located at 787 Seventh Avenue, New York, NY 10019 be, and hereby is, authorized, directed, and empowered to represent each Company as general bankruptcy counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights, including the preparation of pleadings and filings in each Company's Bankruptcy Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of each Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Willkie; and it is further

      **RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), located at 1000 North King Street, Wilmington, DE, 19801, shall be, and hereby is, authorized, directed and empowered to represent each Company as Delaware bankruptcy counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of each Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

      **RESOLVED**, that Ernst & Young LLP ("E&Y"), located at 560 Mission Street, Suite 1600, San Francisco, CA 94105 shall be, and hereby is, authorized, directed and empowered to provide to each Company restructuring advisors to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations in connection with each Bankruptcy Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of each Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of E&Y; and it is further

      **RESOLVED**, that GLC Advisors & Co., LLC ("GLC"), located at 600 Lexington Ave. 9th floor, New York, NY 10022 shall be, and hereby is, authorized, directed and empowered to serve as investment banker to represent and assist each Company in connection with the potential restructuring of each Company's business and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations in connection with each Bankruptcy Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each Company, to execute appropriate retention

agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of each Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of GLC; and it is further

**RESOLVED**, that Kroll LLC ("Kroll") and together with Willkie, Young Conaway, E&Y and GLC, collectively, the "Advisors"), located at 55 East 52nd Street, 17th Floor, New York, NY 10055 shall be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with each Bankruptcy Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of each Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Kroll; and it is further

**RESOLVED**, that the Advisors are hereby authorized to take any and all actions necessary or desirable to advance each Company's rights and obligations and facilitate each Bankruptcy Case; and it is further

## Postpetition Financing and Sale Process

**RESOLVED**, that in connection with each Bankruptcy Case, the Authorized Officers shall be, and hereby are, authorized, directed, and empowered, in the name and on behalf of each Company, as a debtor and debtor in possession, to (a) negotiate, execute, and deliver agreements for post-petition financing and use of cash collateral, including with respect to the DIP Documents; (b) in the case of the Authorized Officers of Near Intelligence LLC, borrow in the name of and behalf of such Company such amounts permitted to be borrowed by such Company pursuant to the DIP Documents; (c) pledge and grant liens on each Company's assets as may be contemplated by or required under the terms of such post-petition financing; or (d) execute, deliver, verify and/or file, or cause to be filed and/or executed, delivered or verified, and to amend, supplement or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, affidavits, schedules, motions, pleadings and other documents, agreements and papers, postpetition financing documents and loan agreements (including any ancillary documents thereto) in such form as an Authorized Officer may approve, and to take any and all actions that an Authorized Officer determines advisable, necessary or appropriate in connection with any post-petition financing or any cash collateral usage contemplated hereby or thereby (such approval and the approval of each Company to be conclusively evidenced by the execution thereof or taking of such action by an Authorized Officer); and it is further

**RESOLVED**, that in connection with each Bankruptcy Case, the Authorized Officers shall be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of each Company, to commence a bidding and sale process for each Company's assets and pursue negotiations with any interested parties regarding a sale of such assets pursuant to section 363 of the Bankruptcy Code or otherwise; and it is further

**RESOLVED**, that in connection with the Bankruptcy Cases, each Approving Party has determined it is desirable and in the best interest of each Company to enter into that certain

Stalking Horse Agreement, and to continue, after commencement of the Bankruptcy Cases, the marketing for sale of each Company's assets and pursue negotiations with any interested parties regarding one or more sales of such assets or otherwise, in each case subject to the terms and conditions set forth therein and the bidding procedures established by the Bankruptcy Court and further authorization of the Approving Party of any such sale; and it is further

**RESOLVED**, that the execution and delivery of (a) the Stalking Horse Agreement, with such changes therein and additions thereto as the Authorized Officers executing the same shall approve, the execution thereof by an Authorized Officer to be deemed conclusive evidence of such approval, and (b) the other sale documents, including, without limitation, any exhibits, appendices, and schedules thereto, and the performance by the Company of its obligations thereunder, hereby are expressly authorized, adopted, confirmed, ratified, and approved with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable or appropriate by an Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval, necessity, desirability, convenience, advisability or appropriateness, and such approval is intended to and shall constitute all authorization and approval required by the Approving Party; and it is further

**RESOLVED**, that each of the Authorized Officers is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Officer(s) to be deemed conclusive evidence of the approval by the applicable Company of the terms, provisions and conditions thereof; and it is further

**RESOLVED**, that any and all past actions heretofore lawfully taken by any Authorized Officer, or any other officers, directors, members or any authorized persons acting under similar authority, as the case may be, of the applicable Company, or the Approving Party, in the name and on behalf of the applicable Company in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted and approved in all respects; and it is further

### General Resolutions

**RESOLVED,** that the Authorized Officers shall be, and hereby are, authorized, directed, and empowered, in the name and on behalf of each Company, as a debtor and debtor in possession, to negotiate, execute, deliver, and perform on behalf of each Company such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices, and any and all other documents, and to amend, supplement or otherwise modify from time to time agreements, certificates, instruments, guaranties, notices, and all other documents, including, without limitation, affidavits, schedules, motions, pleadings and other documents, agreements and papers, in such form as an Authorized Officer may approve, and to take any and all actions that an Authorized Officer determine advisable, necessary or appropriate in connection with the chapter 11 case or as the Authorized Officers may deem necessary or proper to facilitate the transactions contemplated by these resolutions (such approval and the approval of

each Company to be conclusively evidenced by the execution thereof or taking of such action by an Authorized Officer); and it is further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered to prepare, execute and file, or cause to be prepared, executed and filed, all reports, schedules, statements, documents and information required to be filed with the Securities and Exchange Commission pursuant to the Securities Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder, including, without limitation, reports relating to certain current events on Form 8-K; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed to pay all qualification, filing, legal and other expenses incurred in connection with any of the foregoing resolutions; and it is further

**RESOLVED**, that all acts done or actions taken prior to the date hereof by the Authorized Officers or any professionals engaged by each Company with respect to any transactions contemplated by the foregoing resolutions, or otherwise in preparation for or in connection with each Bankruptcy Case, or any proceedings related thereto, or any matter related thereto, be and hereby are, adopted, approved, authorized ratified, and confirmed in all respects as the acts and deeds of each Company.

NEAR INTELLIGENCE, INC.,
the sole member of Near Intelligence LLC

By: _____
Name: John Faieta
Title: Chief Financial Officer

[Signature Page to Omnibus Written Consent]

BOARD OF DIRECTORS OF NEAR NORTH
AMERICA, INC.

DocuSigned by:

_John Faieta_

61560C932992417

Name: John Faieta


Name: Gladys Kong

BOARD OF DIRECTORS OF NEAR NORTH
AMERICA, INC.

_____

Name: John Faieta

_____

Name: Gladys Kong

BOARD OF DIRECTORS
OF NEAR INTELLIGENCE PTE. LTD.

DocuSigned by:

*John Faieta*

61560C932992417

_____

John Faieta

_____

Gladys Kong

_____

Andrea Chee Yuen Li

**BOARD OF DIRECTORS
OF NEAR INTELLIGENCE PTE. LTD.**

_____
John Faieta

DocuSigned by:

_____
A224773B73C743B...
Gladys Kong

_____
Andrea Chee Yuen Li

[Signature Page to Omnibus Written Consent]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE LLC, | Case No. 23-_____ (___) |
| Debtor. | (Joint Administration Requested) |

**CORPORATE OWNERSHIP STATEMENT AND**
**LIST OF EQUITY INTEREST HOLDERS PURSUANT TO**
**FED R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession, to the best of its knowledge, information, and belief, hereby states as follows:

Near Intelligence LLC is a wholly-owned subsidiary of Near Intelligence, Inc.  No publicly traded corporation owns more than 10% of Near Intelligence, Inc.'s equity interests.

**Fill in this information to identify the case and this filing:**

Debtor Name  Near Intelligence LLC

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (*If known*):  23- _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration  Corporate Ownership Statement; List of Equity Interests

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/08/2023           /s/John Faieta
MM / DD / YYYY          Signature of individual signing on behalf of debtor

John Faieta
Printed name

Chief Financial Officer
Position or relationship to debtor